Mr. Justice Smith
delivered the opinion of the court.
The instruments, which were the foundation of the proceeding in attachment in the eourt below, were executed by Solomon C. Rice, and the plaintiff in error as his security, to secure a debt due by the former to the defendant in error, prior to the application of the said Solomon C. Rice for a discharge as a bankrupt, under the provisions of the act of congress passed 19th of June, 1841, establishing a uniform system of bankruptcy throughout the United States. The circumstances under which these instruments were executed appear to be as follow : *291 Solomon C. Rice, in 1843, in the circuit court of the United States for West Tennessee, had filed his petition in bankruptcy, by which it appeared that he was the debtor of the defendant in error, who, on the 18th of May of the same year, had proved his account and filed a dissent to the discharge of the petitioner as a bankrupt. The grounds alleged by the dissentient were, that the “ petitioner had been guilty of fraud and wilful concealment of his property and rights of property, contrary to law.” Afterwards, and pending the examination of the claim of the petitioner for a discharge, Levi Rice, plaintiff in error, proposed to the defendant, that if he would withdraw his objections to the discharge of Solomon C. Rice as a bankrupt, that he (Levi Rice) would assume the debt which said Solomon O. owed him. The defendant in error, pursuant to this proposition, withdrew his objections, and the petitioner was discharged. In execution of this understanding, and in consideration of defendant’s having withdrawn his objections as above stated, these instruments were given.
The defence relied on was the illegality of this consideration.
If the transaction was founded in fraud or against the policy of the act above referred to, the consideration was illegal and the instruments void.
The primary object of this statute was doubtless to afford relief to unfortunate debtors; but, in effecting this object, it was not less certainly the object of the national legislature to effect an equal distribution of the insolvent’s estate, thereby securing equal advantages to the creditors. The execution of these instruments, and their subsequent payment by the bankrupt, would not lessen the distributive shares in his estate of his creditors; yet the suppression of facts producing such a result, and which might well be the case here, would directly defeat the objects of the statute.
In the case of Cockshott v. Bennett, 2 Term Rep. 763, all the creditors of an insolvent agreed to accept a composition for their respective demands, upon an assignment of his effects by a deed of trust, to which they were all to be made parties. One of these creditors refused to execute the deed until he had obtained *292 from the insolvent a promissory note for the. residue of his demand. In that case it was obvious that the giving of the promissory note by the insolvent could not have affected the distributive shares of any of the creditors, but the note was held void as a fraud on the rest of the creditors.
In the case of Payne v. Eden, 3 Caines, Rep. 217, the note on which the suit was brought was given in consideration that the payee should become, under the insolvent act, a petitioning creditor for the maker. The note, as in the case at bar, was intended to secure a bond fide debt due to the payee by the maker, and the insolvent had a competent number of petitioning creditors exclusive of the payee; yet the court considered the transaction as founded in fraud, and contrary to the policy of the insolvent act. The case of Wiggin & Wiggin v. Bush, 12 Johns. Rep. 306, is very similar to the case under examination in all of its facts. The note there in suit was given by the maker to the payee, to induce him to withdraw his opposition to the discharge of the defendant under the insolvent law of New York. In that case the defendant admitted to the payee of the note, that he had not made a fair exhibit of his effects; in this case the payee deposed that the maker had been guilty of “ a fraudulent and wilful concealment of his property,” a list of which he had made under oath. In either case it might have become a subject of inquiry, whether the' party, applying for the benefit of the insolvent or the bankrupt law, had not committed perjury in not rendering a just account according to the oath taken by him, as prescribed by the statute. The note was declared void in the hands of an indorsee, and the court said “ the transaction was, from its very nature, fraudulent, and opposed to true policy as well as the spirit of the act.”
It is insisted, that, as the debt of Solomon O. Rice to the defendant in error was just, the subsequent recognition of its validity, and the express promise of the parties to pay it, were obligatory on the plaintiff in error.
In this case the action is founded on the written contracts of the parties, and not on a 'subsequent and distinct promise to pay a preexisting debt of the bankrupt. It is well settled that! a *293 contract, void for the illegality of the consideration, can never be rendered valid by a subsequent promise. Besides, the debt due to the defendant in error by Solomon C. Rice was annihilated by the decree in bankruptcy and his final discharge. A promise to pay this debt after his discharge was void for want of consideration. 3 Caines, Rep. 33r8T
The ground assumed — that the issue submitted to the jury was not whether the instruments set out in the declaration were void on account of the want or illegality of the consideration, but whether they were executed and delivered to the defendant in error, to secure the payment of a bona fide debt due by Solomon C. Rice to him prior to his discharge as a bankrupt — does not appear to be true. Some confusion exists in the record. A replication to the first plea of the defendant appears to have been demurred to; and the demurrer was sustained, with permission to answer over. In a previous part of the record, an issue by consent appears to have been taken on the same plea. In a subsequent part, a second replication exists, to which there is neither joinder nor demurrer, and would seem to have been abandoned, as issue was taken on the only plea to which it could apply.
We will not notice the exception taken to the charge of the court as the verdict was manifestly erroneous; and for that reason the judgment must be reversed, and a new trial awarded.